**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maleshia Peppin, | No. CV-24-08175-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| KQC LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Maleshia Peppin's Motion for Default Judgment requesting the Court enter a default judgment against Defendants KQC LLC and Quan Hoang Dang. (Doc. 13). For the following reasons, the Motion will be granted.

**I.   BACKGROUND**

On September 13, 2024, Plaintiff Maleshia Peppin filed a Complaint against Defendants KQC LLC, d/b/a Bliss Nail Spa, and Quan Hoang Dang ("Defendants") for willful violation of Fair Labor Standards Act ("FLSA"), violation of the Arizona Wage Act ("AWA"), and Violation of Arizona Fair Wages and Healthy Families Act ("AFWHFA"). (Doc. 1 at 1).

The various Defendants were served on December 23, 2024. (Docs. 8, 9). Defendants failed to answer or otherwise respond to the Complaint. On January 15, 2025, Plaintiff filed an Application for Entry of Default against Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (Doc. 10). The following day, the Clerk of Court entered default against Defendants. (Doc. 11). On March 27, 2025, Plaintiff filed the instant

Motion for Default Judgment pursuant to Rule 55(b). (Doc. 13). Defendants failed to respond to Plaintiff's Motion and have not appeared in this action.

## II. DISCUSSION

### a. Subject Matter Jurisdiction, Personal Jurisdiction, and Service

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

The Court has subject matter jurisdiction because Plaintiff filed a claim arising from a FLSA violation. (Doc. 1). The FLSA states that an action to recover damages related to unpaid minimum wages may be maintained against employers "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims as they pertain to the same case or controversy: Plaintiff's alleged unpaid wages. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ."); *see also Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected

to try them in one judicial proceeding.").

As to personal jurisdiction, the Court has jurisdiction over Defendants because they do business in Arizona, Plaintiff's claims arise out of their business and conduct in Arizona, and they were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court lacks personal jurisdiction over defendant unless defendant properly served); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). Plaintiff alleges that "Defendant Bliss Nail Spa is an Arizona limited liability company located within Arizona, [] Defendant Dang resides, or resided during the time of controversy, in Arizona, and both Defendants regularly transact business in and have significant and continuous contact within Arizona." (Doc. 13 at 3). Moreover, Defendants were personally served on December 23, 2024. (Docs. 8, 9); *see* Fed. R. Civ. P. 4(e)(2)(A), (h)(1)(B). Having found that jurisdiction and service are proper, the Court turns to whether default judgment is appropriate.

### b. Default Judgment Analysis: *Eitel* Factors

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

i. First, Fifth, Sixth and Seventh Eitel Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendants have failed to appear in this action, despite having been served on December 23, 2024. (Docs. 8, 9). If Plaintiff's Motion is denied, then Plaintiff will likely be without other recourse for recovery. *Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth and sixth factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the sufficiency of the Complaint (discussed below) and Defendants' default, the Court finds that no genuine dispute of material facts would preclude granting the Motion. And because Defendants were properly served and have never appeared in this case, the Court finds it unlikely that Defendants' failure to appear and the resulting default was the result of excusable neglect. *See id.* at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of FRCP 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendants' unexplained absence at this juncture of the case makes a decision on the merits impossible. Thus, the Court is not precluded from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 (citation omitted) ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be

'blowing off' the complaint should expect neither sympathy nor leniency from the court.").

> ii. Second and Third *Eitel* Factors

The second and third factors—the merits of the claims and the sufficiency of the Complaint—weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). Plaintiff asserts claims for violation of the FLSA, 29 U.S.C. § 201 et seq., the AWA, A.R.S. § 23-250 et seq., and the AFWHFA, A.R.S. § 23-364.

"To establish a minimum wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing (29 U.S.C. §§ 206(a), 207(a))). As to the first element, Plaintiff pleads in the Complaint that she was an employee of Defendants as defined by the FLSA. (Doc. 1 at ¶ 6). Plaintiff also meets the second element because she alleges that the FLSA applies to the Defendants, who were "engaged in commerce that had an annual gross sales of at least $500,000.00 each relevant year," and that she was an employee as statutorily defined in the FLSA. (Doc. 1 at ¶¶ 7, 45); *see also Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX-ROS, 2024 WL 1991443, at *2 (D. Ariz. May 6, 2024) ("An employee can be covered under the FLSA through . . . individual coverage if the employee is 'engaged in commerce or in the production of goods for commerce.' (citing 29 U.S.C. § 206(b))). Finally, as to the third element, Plaintiff alleges that Defendants failed to properly pay her overtime for a total of 1,089 hours worked since the beginning of her employment. (*Id.* at ¶¶ 43, 47). Plaintiff submitted well-pled factual allegations—that Defendants failed to pay her one and one-

half times her regular hourly rate of pay for each hour worked in excess of forty hours per work week—that, taken as true upon default, show Defendants violated the FLSA.

This Court finds Plaintiff's well-pled factual allegations also show Defendants violated the AWA. The AWA requires that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). The AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The term "employer" is defined more narrowly under AWA than it is under the AMWA and FLSA. Under the AWA, an employer is defined as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). "This statutory definition does not, in other words, authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (citation omitted). Plaintiff asserts the AWA claim against Defendant KQC LLC, d/b/a Bliss Nail Spa, only. (Doc. 1 at 7). Her allegations that KQC LLC employed her and failed to pay her overtime for work in excess of forty hours per week is sufficient to state a claim under the AWA.

Finally, Plaintiff alleges violations of the AFWHFA because "Defendant retaliated against Plaintiff and terminated Plaintiffs employment in violation of A.R.S. § 23-364 as described herein." (Doc. 1 at ¶ 65). Specifically, Defendants terminated Plaintiff within a few days of her requesting sick leave. (*Id.* at ¶¶ 35–42). The AFWHFA provides that "[t]aking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons." A.R.S.§ 23-364(A). In other words, the statute makes it "unlawful

for an employer to retaliate or discriminate against an employee who has exercised their right to request or use earned paid sick time." *Kuramoto v. Heart & Vascular Ctr. of Arizona PC*, No. CV-20-00113-PHX-SMB, 2021 WL 2012668, at *5 (D. Ariz. May 20, 2021), *aff'd*, No. 21-17004, 2022 WL 17883605 (9th Cir. Dec. 23, 2022). The Complaint clearly alleges that Defendants took an adverse action (terminating Plaintiff's employment) within 90 days (and in fact, within a couple days) of her taking sick leave. (Doc. 1 at ¶¶ 35–42). This raises a rebuttable presumption of retaliation in violation of the AFWHFA. Accordingly, Plaintiff has alleged a claim under the AFWHFA.

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief against Defendant under the FLSA, AWA, and the AFWHFA. These factors support entering default judgment.

### iii. Fourth *Eitel* Factor

Under the fourth factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (internal quotations omitted) (citation omitted).

Here, Plaintiff seeks federal overtime liquidated damages totaling $18,510.00, as well as $41,100.00 in damages under A.R.S. § 23-364(G), exclusive of attorneys' fees and costs. (Doc. 13 at 9–10). The Court does not find this amount to be so "substantial or unreasonable" as to make default judgment inappropriate, as the requested amounts are proportional to Defendants' failure to pay overtime wages and its retaliatory actions under the AFWHFA. The liquidated damages represent Plaintiff's unpaid overtime wages doubled under 29 U.S.C. §216(b), as well as $150 per day damages for retaliation under A.R.S. § 23-364(G) for 274 days (the length of time between when Plaintiff's demand letter was sent and when default was entered on January 16, 2025). Plaintiff supports the requested amount with a sworn declaration. (*See* Doc. 13-1). All told, given the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds

that the fourth factor, too, weighs in favor of default judgment.

### c. Relief Sought

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560. Thus, a plaintiff "is required to prove all damages sought in the complaint." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (internal quotations omitted) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011)). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

Here, Plaintiff submitted a sworn declaration asserting that she worked approximately 1,089 hours of overtime during her duration as an employee of Defendants. (Doc. 13-1 at 3). Based on the appropriate overtime premium rates for each year she worked, this would total $9,255.00 in unpaid overtime. (*Id.*). Additionally, Plaintiff notes that she is entitled to double damages under the FLSA, for a total of $18,510.00 in liquidated damages. 29 U.S.C. §216(b). She also seeks the statutory minimum damages of $150.00 per day for retaliation under the AFWHFA, A.R.S. § 23-364(G), for 274 days (the length of time between when Plaintiff's demand letter was sent and when default was entered on January 16, 2025), which would total an additional $41,100.00. (Doc. 13-1 at 3–4). Plaintiff's requested relief accurately calculates the damages to which she is statutorily entitled and is supported by Plaintiff's declaration, despite the fact that she lacks complete time or pay records and therefore estimated the number of overtime hours worked. *See Ramirez v. Unique Transitional Homes Staffing LLC*, No. CV-23-01882-PHX-DGC, 2024 WL 1740020, at *4 (D. Ariz. Apr. 23, 2024) ("Due to Defendants' refusal

to participate in this case, Plaintiff does not have complete time or pay records and therefore has estimated the number of work hours for which she has not been paid. The current record, however, contains no evidence negating the reasonableness of Plaintiff's estimates of her hours worked." (citation omitted)). This Court therefore finds it appropriate to award Plaintiff a total of $59,610.00 in liquidated overtime damages and sick leave retaliation damages.

Additionally, Plaintiff intends to file a motion to recover her attorneys' fees and costs incurred in this action upon entry of a default judgment. (Doc. 13 at 10–11); *see also* 29 U.S.C. § 216(b); A.R.S. § 23-364(G). The Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 13) is **granted**;
2. That default judgment is entered pursuant to FRCP 55(b)(2) in favor of Plaintiff and against Defendants;
3. That Defendants are jointly and severally liable for **$18,510.00** in liquidated overtime damages pursuant to 29 U.S.C. §216(b) and **$41,100.00** in sick leave retaliation damages pursuant to A.R.S. § 23-364(G).
4. That Plaintiff shall have until **June 6, 2025** to file a motion for attorneys' fees in accordance with FRCP 54(d)(2) and LRCiv 54.2; and
5. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 19th day of May, 2025.

Honorable Steven P. Logan
United States District Judge

9