**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Maleshia Peppin,

Plaintiff,

vs.

KQC LLC, et al.,

Defendants.

No. CV-24-08175-PCT-SPL

**ORDER**

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 16). Defendants have not responded to the Motion or otherwise appeared in this action, and the time to respond has passed. For the following reasons, the Court will grant Plaintiff's award of fees and costs in a reduced amount of $9,136.50.

**I. BACKGROUND**

On September 13, 2024, Plaintiff Maleshia Peppin filed a Complaint against Defendants KQC LLC, d/b/a Bliss Nail Spa, and Quan Hoang Dang ("Defendants") for willful violation of the Fair Labor Standards Act ("FLSA"), violation of the Arizona Wage Act ("AWA"), and violation of the Arizona Fair Wages and Healthy Families Act ("AFWHFA"). (Doc. 1 at 1). The various Defendants were served on December 23, 2024. (Docs. 8, 9). Defendants failed to answer or otherwise respond to the Complaint. On January 15, 2025, Plaintiff filed an Application for Entry of Default against Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (Doc. 10). The following day, the Clerk of Court entered default against Defendants. (Doc. 11). On May 19, 2025, the

Court granted Plaintiff's Motion for Default Judgment and awarded her damages totaling $59,610. (Doc. 14 at 9). Plaintiff now seeks an award of attorneys' fees in the amount of $8,267.50 and costs in the amount of $2,000. (Doc. 16 at 10).

## II. DISCUSSION

The FLSA, AWA, and AFWHFA each provide that a prevailing plaintiff "shall" be awarded reasonable attorneys' fees and costs of the action. 29 U.S.C. § 216(b); A.R.S. § 23-364(G). "While the FLSA mandates an award of attorneys' fees to a successful plaintiff, 29 U.S.C. § 216(b), 'the amount of the award is within the discretion of the court.'" *Rodriguez v. Pride Dealer Servs.*, No. CV-23-01955-PHX-ROS, 2024 U.S. Dist. LEXIS 173216, at *4 (D. Ariz. Sep. 25, 2024) (quoting *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971)). A party seeking an award of attorneys' fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). "The moving party must attach supporting documentation to any request for attorneys' fees, including (1) a statement of consultation, (2) a complete copy of any written fee agreement, (3) a task-based itemized statement of time expended and expenses incurred, and (4) an affidavit of moving counsel." *Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *2 (D. Ariz. May 26, 2021) (citing LRCiv 54.2(d)). Here, Plaintiff has failed to attach a statement of consultation, but because Defendants have failed to appear, the Court will nonetheless consider the Motion. *See, e.g.*, *Hinton v. Completely Innocent LLC*, No. CV-21-01019-PHX-SPL, 2022 WL 1265924, at *1 (D. Ariz. Apr. 28, 2022) ("While [the plaintiffs] do not include an explicit statement of consultation, the Court recognizes that Defendant's failure to appear or otherwise respond in this matter makes such consultation difficult if not impossible.").

"[S]tatutory awards of attorneys' fees are subject to 'lodestar' calculation procedures . . . ." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). To determine the initial lodestar figure, courts multiply "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The Court must also consider the additional factors that have

not been subsumed within the initial lodestar calculation to determine whether the award is reasonable. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also, e.g.*, *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *1 (D. Ariz. July 12, 2022). These factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. "Those *Kerr* factors that are not subsumed [by the initial analysis] may support adjustments in rare cases, provided the district court states which factors it is relying on and explains its reasoning." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988).

Here, Plaintiff argues that $8,267.50 is a reasonable fee award based on a lodestar of 37.5 hours of work at an hourly rate ranging from $125–$350. (Doc. 16 at 5).

**a. Attorneys' Fees**

First, the Court must decide what a reasonable hourly rate is in this case. Plaintiff's counsel asks the Court to award hourly rates ranging from $350 for partners, $200–$245 for associates, $150 for paralegals, and $125 for legal assistants. (*Id.*). In FLSA cases, courts in this District routinely award hourly rates within this range. *See, e.g.*, *Salazar v. Driver Provider*, No. CV-19-05760-PHX-SMB (D. Ariz. Feb. 6, 2025) (Doc. 847 at 12–13) (finding hourly rates of $375–$600 for partners, $225–$350 for associates, and $130 for paralegals and law clerks reasonable in a FLSA case); *Verduzco*, 2022 WL 2718163, at *2 ("Given this matter's simplicity and the fact that Plaintiff quickly prevailed by default judgment, a reasonable rate is $350.00 per hour."). These rates reasonably account for the attorneys' experience and the undesirability of the case. *See id.* (noting the experience of

plaintiff's counsel and the undesirability of a case with a small amount in controversy); (Doc. 16 at 15 (counsel's declaration noting the experience of the firm and the undesirability of contingency-based FLSA cases)). They are also reasonable given that this is a traditional FLSA and AFWHFA case for back wages and sick leave retaliation. *See Davis v. Shri Hari Hotels LLC*, No. CV-22-00756-PHX-SPL (D. Ariz. Aug. 24, 2022) (Doc. 18 at 3–4). Finally, this case did not pose any novel issues and was resolved by a default judgment. (*Id.* at 4.) Having reviewed the range of hourly rates charged by counsel, the Court finds that they are reasonable.

As to the reasonableness of the hours expended, the Court has reviewed the itemized invoice for Plaintiff's counsel's services submitted as Exhibit C. (Doc. 16 at 24–31). The itemization reflects the dates, descriptions, time billed, and applicable rates for which Plaintiff now seeks attorneys' fees. Plaintiff's counsel report that they spent 35.7 hours working on this case. (Doc. 16 at 6). Having carefully reviewed the itemization of fees, the Court finds that 35.7 hours is not a reasonable amount of compensable time, as many entries were clerical or administrative. *See, e.g., Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX-ROS, 2024 WL 4290725, at *4 (D. Ariz. Sept. 25, 2024) (striking 8.4 billed hours because "parties may not recover fees for tasks performed by attorneys and paralegals which are clerical or administrative in nature"); *Salazar*, No. CV-19-05760-PHX-SMB (Doc. 847 at 14–15) (striking entries "with billings for filing documents, organizing files, preparing exhibits, providing instructions to staff, issuing notices and summons, updating contact information, routine phone calls, and managing firm operations unrelated to providing legal services").

Here, for example, the time entries are replete with such billings including, but not limited to, "Docket deadlines," "Coordinated call with Client," "Upload documents," "Assist legal assistant [] with filing a process service request," "Correspond with process server," "Review scheduled deadlines," and "Finalize and file [various applications and motions]." (Doc. 16 at 25–31). Instead, the Court finds that 29.4 hours is reasonable—Attorney Carli Clarkson's time entries have been cut by 3.0 hours (in accordance with her

varying rates), and *all* 3.3 hours of legal assistant Shelby Grady's time entries have been cut. These time cuts result in reductions of $718.50 and $412.50, respectively, for a total reduction of $1,131.

Regarding the reasonability of hours billed, while the total number of hours is higher than some other FLSA cases, the overall lodestar amount is low given that most of the hours were billed by paralegals and associates at reduced rates. (Doc. 16 at 5). Mr. Thomas Brown, the one partner on the matter, billed only 3.8 hours at his rate of $350. (Doc. 16 at 5). *Cf., e.g.*, *Verduzco*, 2022 WL 2718163, at *2 (finding 11.9 hours billed at a rate of $350 reasonable); *Hetland v. Hirsch*, No. CV-21-00487-PHX-MTL, 2022 WL 2953064, at *2 (D. Ariz. July 26, 2022) (finding 13.7 hours billed at a rate of $378.75 reasonable); *Coe v. Hirsch*, No. CV2100478PHXSMMMTM, 2022 WL 508841, at *1 (D. Ariz. Jan. 21. 2022) (finding 14.6 hours billed at a rate of $378.75 reasonable). Finally, the other *Kerr* factors not explicitly addressed here—preclusion of other employment, fixed or contingent fees, and time limitations—support the lodestar figure. Therefore, Plaintiff will be awarded $7,136.50 in reasonable attorneys' fees.[1]

**b. Costs**

Plaintiff also seeks $2,000 in costs. (Doc. 16 at 10). These costs are comprised of $259 in court fees (*id.* at 33) and the anticipated costs to be incurred in potential collection efforts (*id.* at 10–11). Prevailing plaintiffs are entitled to costs of suit. 29 U.S.C. § 216(b); A.R.S. § 23-364(G). *See Coe*, 2022 WL 508841, at *1 (awarding plaintiff $830.48 in costs for court filing and processor fees). Collection costs may also be awarded if they are reasonable. *See Vazquez v. Johnson*, No. CV-22-01720-PHX-MTL, 2023 WL 4205126, at *4 (D. Ariz. June 27, 2023) (finding an award of $2,000 for anticipated collection efforts in a FLSA case is reasonable); *Wade v. Legacy Inn & Suites LLC*, No. CV-22-00560-JJT

---

[1] Requested fees [$8,267.50] – clerical and administrative reductions [$1,131] = $7,136.50

(Doc. 33 at 3) (D. Ariz. Jan. 19, 2023) (same); *Davis*, No. CV-22-00756-PHX-SPL (Doc. 18 at 4) (same). In this case, the Court finds that an award of $2,000 for court fees and potential collection efforts is reasonable when compared to other costs awarded in FLSA cases in this District.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 16) is **granted as modified**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $7,136.50 in attorneys' fees and $2,000 in costs.

Dated this 7th day of August, 2025.

Honorable Steven P. Logan
United States District Judge